**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO AMAYA-CRUZ, | No. 12-70485 |
| Petitioner, | Agency No. A099-479-600 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Santiago Amaya-Cruz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Thus, we reject Amaya-Cruz's request for oral argument.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Amaya-Cruz failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See id.* at 1073. We reject Amaya-Cruz's contention that the agency's analysis was inadequate and incomplete. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In denying Amaya-Cruz's asylum and withholding of removal claims, the agency found Amaya-Cruz failed to establish past persecution or a well founded fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*,

26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Amaya-Cruz's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Amaya-Cruz's remaining challenges to the agency's denial of his asylum and withholding of removal claims.

Finally, we deny Amaya-Cruz's motion to remand to pursue special rule cancellation of removal under NACARA.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

12-70485